# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United Financial Casualty Company, a California Corporation, | )<br>)<br>) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO**<br>) **INTERVENE**<br>) |
| vs. | )<br>) |
| Fila-Mar Energy Services, LLC, Douglas Landis, Doman Farms Logistics, LLC, Doman Farms, and Normarco, Inc. d/b/a Doman Farms, | )<br>)<br>) Case No. 1:19-cv-075<br>)<br>) |
| Defendants. | ) |

Before the court is a Motion to Intervene filed by Great West Casualty Company ("Great West") on May 23, 2019. Great West seeks to intervene in this matter as a matter of right pursuant to Fed. R. Civ. P. 24(a). Alternatively, it seeks to intervene on a permissive basis pursuant to Fed. R. Civ. P. 24(b)(l).

On May 29, 2019, Plaintiff United Financial Casualty Corporation ("United Financial") responded that it does not oppose Great West's motion. The defendants on whose behalf counsel has entered an appearance and filed an answer have yet to respond to Great West's motion. See D .N .D Civ. L.R. 7 .1 (F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").[1]

---

[1] On May 29, 2019, counsel filed an answer on behalf of Defendants Domain Farm Logistics, LLC, Doman Forms, and Nomarco, Inc. (Doc. No. 10). No one has yet to enter an appearance and file answers on behalf of Defendants Fila-Mar Energy Services, LLC and Douglas Landis.

1

Rule 24 of the Federal Rules of Civil Procedure provides that the court must permit anyone to intervene who:

>  (1) is given an unconditional right to intervene by a federal statute; or

>  (2) claims an interest relating to the prope1iy or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). It further provides that the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Eighth Circuit Court of Appeals has recognized that Rule 24 is to be construed liberally in favor of intervention, which the court has described as serving the interest of the judicial system by resolving all related controversies in a single action. See Kinetic Leasing, Inc. v. Nelson, Case No. 3:16-3cv-99, 2016 WL 8737876, at *2 (D.N.D. Sept. 22, 2016) (citing S. Dakota ex rel Barnett v. US. Dep't of Interior, 317 F .3d 783, 785 (8th Cir. 2003), and Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 60F.3d 1304, 1307-08) (8th Cir. 1995)). Thus, "any doubts as to 'the propriety of permitting intervention should be resolved in favor of allowing it.'" Target Logistics Mgmt., LLC v. City of Williston, Case No. l:16-cv-076, 2017 WL 6459800, at *3 (D. N.D. Dec. 18, 2017) (quoting Sierra Club v. Robertson, 960 F.2d 83, 86 (8th Cir. 1992)).

When considering a motion to intervene, the court must assess the motion in a light most favorable to the prospective intervenor. Id. at 2 (citing Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 973-75 (8th Cir. 2014)). The court must also accept the allegations of the

prospective intervenor as true. Id.

First, the court finds that Great West clearly has an interest in the subject matter of the litigation. Great West's claims share common questions of law and/or fact with those being asserted by United Financial. Second, the court finds that Great West's interests may be impaired by the disposition of the case. For example, a determination regarding the validity of a haul agreement at issue in this case may affect United Financial's and Great West's respective coverage obligations. Third, the court finds that Great West has shown its interests are not adequately represented by the existing parties and Great West asserts it will proceed with filing an action of its own if it is not permitted to intervene. Finally, the court concludes that judicial economy is best served by resolving these related matters in a single action.

In sum, Great West has satisfied Rule 24(a)(2)'s requirements and demonstrated that it may intervene as a matter of right. Accordingly, Great West's motion (Doc. No. 3) is **GRANTED**. Great West shall file its Complaint for Declaratory Relief by July 12, 2019.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2019.

                                                   */s/ Clare R. Hochhalter*
                                                   Clare R. Hochhalter, Magistrate Judge
                                                   United States District Court