**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United Financial Casualty Company, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DOMAN FARMS** |
| | ) | **AND NOMARCO'S MOTION TO** |
| | ) | **DISMISS IN PART AND STAYING ALL** |
| | ) | **FURTHER FEDERAL COURT** |
| | ) | **PROCEEDINGS** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:19-cv-075 |
| Fila-Mar Energy Services, LLC, Douglas | ) | |
| Landis, Doman Farms Logistics, LLC, | ) | |
| Doman Farms, and Nomarco Inc. d/b/a | ) | |
| Doman Farms, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants Doman Farms, Doman Farms Logistics, LLC, and

Nomarco, Inc.'s combined motion to dismiss and motion to stay filed on September 6, 2019.  See

Doc. No. 33.  Fila-Mar Energy Services, LLC joined and adopted Doman's motion to stay and the

brief filed therein.  See Doc. No. 40.  For the reasons set forth below, the Court grants Doman's

motion to dismiss in part, grants the motion to stay, and stays all further proceedings in federal

court in North Dakota until a final resolution of the state court proceedings in Texas has occurred.


I.    **BACKGROUND**

This is an insurance coverage declaratory judgment action arising out of a wrongful death

lawsuit currently pending in the Texas 165th Judicial District Court for Harris County, Texas

(Texas Litigation).   United Financial Casualty Company (United Financial) is a California

corporation with its home office in Mayfield Village, Ohio, and is authorized to provide insurance

lines in the State of North Dakota.  Nomarco, Inc. (Nomarco) is an Oregon corporation with its

principal place of business in Woodburn, Oregon, and is authorized to do business in the State of North Dakota. Doman Farms Logistics, LLC, (Logistics) is a limited liability company organized under the laws of the State of Oregon, with its principal place of business in Woodburn, Oregon, and is authorized to conduct business as a freight broker in North Dakota. The legal status of Doman Farms is at issue in this suit and in the Texas Litigation; the parties disagree whether Doman Farms is a partnership organized under the laws of the State of Oregon. Fila-Mar Energy Services, LLC (Fila-Mar) is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Houston, Texas, and is authorized to conduct business as a freight broker in the State of North Dakota.

On or about March 1, 2018, United Financial executed a commercial auto insurance policy (the Policy) with Nomarco and Doman Farms. See Doc. No. 34-1. The Policy lists AP Logistics, LLC, Six Gun Logistics, LLC, Keane, and EOG Resources, Inc. as additional insureds. The declarations page did not list Douglas Landis's (Landis) tractor or trailer as insured at the time of the incident, nor was Landis listed as an additional insured. The parties disagree as to whom the Policy insured. United Financial argues Landis was not insured because he was not listed on the declarations page. The defendants argue Landis was covered under the "Employer Non-Owned Auto Liability to Others – Bodily Injury and Property Damage Liability" coverage.

On or about May 11, 2016, Fila-Mar and Logistics executed a "Co-Broker Agreement." In the Co-Broker Agreement, Fila-Mar agreed to occasionally offer Logistics shipments for transport, wherein Logistics agreed to defend, indemnify, and hold Fila-Mar harmless from liability for claims arising out of Logistics' services under the agreement, including claims based on personal injuries or death. On or about October 10, 2017, Nomarco and Landis entered into a "Haul Agreement," in which Landis agreed to haul loads of frac sand for Nomarco occasionally; Landis's

role was that of an independent contractor.  Under this agreement, Landis agreed to secure public liability insurance, indemnify and hold Nomarco harmless from any liability, damages, or expenses, resulting from an act of omission or commission on Landis's part.

In October 2018, Fila-Mar was brokering loads of equipment and material in the Bakken oilfields in North Dakota.  To broker loads, Fila-Mar utilized a cellphone software application to directly contact independent contractors, such as Landis.  On October 5, 2018, Landis was hauling a load of frac sand, brokered by Fila-Mar on behalf of Liberty Oilfield Services, LLC, in his own tractor/trailer.  While Landis was hauling frac sand for Liberty Oilfield Services, he lost control of his tractor/trailer, crossed the center line of the Highway 23 bypass near New Town, North Dakota, and collided with a vehicle occupied by Taylor Denny and David Wilcox.  Both Ms. Denny and Mr. Wilcox died as a result of the collision.  The parents of Taylor Denny initiated a wrongful death lawsuit regarding their daughter in the District Court, 189th Judicial District, Harris County, Texas.  Burt and Wendy L. Wilcox, parents of David Wilcox initiated a wrongful death lawsuit regarding their son in the District Court, 165th Judicial District Harris County, Texas.  Burt and Wendy Wilcox were allowed to bring their claims in intervention of the claims of Wade and Julie Denny, with all claims currently pending in a Texas State District Court. [1]

The negligence allegations in the Texas Litigation do not distinguish the acts of Nomarco, Logistics, and Doman Farms.  The allegations in the Texas Litigation indicate Doman Farm Logistics, LLC, Doman Farms, and Nomarco, Inc., d/b/a Doman Farms act as one entity and are collectively referred to as "Doman Farms."  In the Texas Litigation, it is alleged Landis was an employee of Fila-Mar, Liberty Oilfield Services, and Doman Farms, acting within the scope of employment at the time of the accident and acting in furtherance of the business of Doman Farms

---

[1] Cause No. 2018-90836 189th Judicial District, Harris County, Texas.

Trucking, Fila-Mar, and Liberty Oilfield.  The Texas Litigation alleges, without allocating wrongdoing to any specific defendant, "Doman Farms Trucking, Fila-Mar, and Liberty Oilfield were negligent in the hiring, training, and supervision of Landis."

On or about January 18, 2019, Fila-Mar, by and through counsel, and in express reliance on the 2016 "Co-Broker Agreement" between Fila-Mar and Logistics, presented the tender demand to plaintiff United Financial.  Through Fila-Mar's co-broker agreement with Logistics, United Financial was presented with the tender of defense demand.  United Financial initiated this declaratory judgment action seeking declarations it has no duty to defend or indemnify Nomarco, Doman Farms, Logistics, and Fila-Mar for the claims brought by the plaintiffs in the Texas Litigation and because some defendants are not named insureds under the commercial auto policy. The factual and legal questions at issue here and in the Texas Litigation are: (1) Doman Farms' legal standing separate from Nomarco; (2) Landis's employment status and whether he was acting in the scope of his employment when the accident occurred; and (3) the extent to which Logistics may be contractually bound to share the liability of the underlying defendants.

## II.    <u>LEGAL DISCUSSION</u>

### A.  <u>Motion to Dismiss</u>

Nomarco and Doman Farms contend United Financial has a duty to defend them in the Texas Litigation.  United Financial argues it does not have a duty to defend Nomarco because the allegations against Nomarco did not arise out of the ownership, maintenance, or use of an insured auto under the Policy and Landis was acting as an independent contractor.  United Financial also argues it does not have a duty to defend Doman Farms because it is not a separate legal entity from Nomarco and was not a party to the Policy.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on the merits is more than a "sheer possibility."  Id.  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action."  Id. at 681.  Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009).  The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief.  Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

State law will govern the interpretation of insurance policies.  Star v. U.S., 2017 WL 9751197, *4 (D.N.D. July 19, 2017) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc., 346 F.3d 1160, 1164 (8th Cir. 2003)).  "It is well-established that in an action based

on diversity jurisdiction, the Court will apply the substantive law of North Dakota." Iverson v. Bronco Drilling Co., Inc., 667 F.Supp.2d 1089, 1094 (D.N.D. 2009). The duty to defend and indemnify are distinct and different contractual obligations. Star at *7. "An insurer's duty to defend is broader than the duty to indemnify and is generally determined by the allegations of the injured claimant." Id. The duty to defend arises when the insured is sued. Id. If the allegations include a potential for coverage under the policy, the insurer has a duty to defend. Id. "When multiple claims are made against the insured in the underlying action, the insurer has a duty to defend the entire lawsuit if there is a potential liability or a possibility of coverage for any one of the claims." Forsman v. Blues, Brews, and Bar-B-Ques, Inc., 903 N.W.2d 524, 535-36 (N.D. 2017). "Any doubt about whether a duty to defend exists must be resolved in favor of the insured." Id.

Doman Farms and Nomarco argue dismissal of the duty to defend claim is proper because the allegations in the Texas Litigation establish United Financial's duty to defend. United Financial argues it does not have a duty to defend because the allegations in the Texas Litigation do not arise out of the ownership, maintenance or use of an insured auto under the Policy.

The Policy provides that the definition of an "insured auto" under coverage "Part I – Liability to Others" is modified by an endorsement to include "an auto that you do not own, lease, hire, rent, or borrow, and that is used in the connection with your business. This includes autos owned by your employees . . . but only while such autos are used in your business." See Doc. No. 34-3.

In order to establish United Financial's duty to defend, the Court must examine the allegations in the Texas Litigation. At the time the complaint was served, and the defense tendered, the ultimate result in the case does not affect the duty to defend. Star, at *7. The duty to defend

is established by comparing the allegations in the Texas Litigation to the language of the Policy. The Texas Litigation alleges at the time of the accident, Landis was working on behalf Nomarco, acting within the scope of his employment, and driving his own tractor/trailer at the time of the accident.  The Policy clearly states coverage is extended to an auto owned by an employee and used in connection with the insured's business.  The named insureds are Nomarco and Doman Farms.  Based on the allegations in the Texas Litigation, United Financial has a duty to defend Nomarco and Doman Farms because Landis was allegedly driving an auto included in the Policy at the time of the accident.

United Financial argues it does not have a duty to defend Nomarco or Doman Farms against the respondeat superior claims raised in the Texas Litigation.  Doman Farms and Nomarco argue they are owed a duty because United Financial has a duty to defend them in the involvement of a covered vehicle.  United Financial argues it does not have a duty to defend Nomarco and Doman Farms because Landis was an independent contractor at the time of the accident.  Insurance companies cannot choose to defend certain claims and refuse to defend others.  If several claims are made against an insured in an underlying action, "the insurer has the duty to defend the entire lawsuit if there is potential liability or a possibility of coverage for any one of the claims." Forsman, 903 N.W.2d at 535-36.  Because United Financial has a duty to defend Nomarco and Doman Farms based on the involvement of a covered vehicle, they also have a duty to defend Nomarco and Doman Farms under the theory of respondeat superior.

United Financial contends it does not have a duty to defend Doman Farms because it is a trade name of Nomarco, is not a separate and distinct entity, and has never been a party to an insurance contract.  Doman Farms argues the Texas Litigation establishes United Financials' duty to defend Doman Farms.  In the Texas Litigation, it is alleged Doman Farms is a partnership

organized under the laws of the State of Oregon.  Doman Farms states the issue is not germane here and will be tested in the Texas Litigation.  Terms in insurance policies should be construed to mean what a reasonable person in the position of the insured would think it means.  Fisher v. American Family Mut. Ins. Co., 579 N.W.2d 599, 602 (N.D. 1998).  Nomarco, Inc. and Doman Farms are listed as named insureds on the declarations page.  It appears under a block called "Named Insureds."  See Doc. No. 34-4, p.1.  A reasonable person would understand and interpret the declarations page to mean Nomarco and Doman Farms are insured parties under the Policy.

After comparing the allegations in the Texas Litigation to the terms in the Policy, the Court concludes that United Financial has a duty to defend Doman Farms and Nomarco.  The allegations in the complaint in the Texas Litigation establish the duty to defend under the terms of the Policy. It is clear that any doubt as to whether a duty to defend exists must be resolved in favor of the insured.  Doman Farms and Nomarco's motion to dismiss the duty to defend claims should be granted.

### B.  Motion to Stay

The Defendants ask this Court to grant a stay in this proceeding because the issues present in this litigation are the same issues at the heart of the Texas Litigation.  The Defendants maintain United Financial has a duty to indemnify the Defendants because the policy provided coverage for the type of harm that occurred.  United Financial argues this Court should not grant a stay because the *Scottsdale* factors do not support abstention.

Normally, a federal district court must "exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so."  Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005).  Federal district courts have broad discretion in deciding whether to

exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings.  Wilton v. Seven Falls Co., 515 U.S. 277, 282-90 (1995).

In *Scottsdale Ins. Co. v. Detco Indus., Inc.*, the Eighth Circuit Court of Appeals adopted a standard for determining whether to stay an insurance coverage declaratory judgment action during the pendency of a related state court liability action.  As a threshold matter, the Court must determine whether there is a "parallel proceeding" pending in state court.  A proceeding is considered parallel if "substantially the same parties litigate substantially the same issues in different forums."  Scottsdale, 426 F.3d at 997.  When a federal declaratory judgment action and parallel state court proceeding exist, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton, 515 U.S. at 288.  In these situations, federal courts should avoid unjustifiable interference with the state court litigation.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).  If it is determined there is no parallel proceeding, the Court must address each of the following six factors to determine whether "abstention by the district court would be appropriate in a declaratory judgment action in which there are no parallel state court proceedings." Scottsdale, 426 F.3d at 998.

The six factors set out by *Scottsdale* court are: (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceedings; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in

unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing, or to provide another forum in a race for res judicata, or to achieve a federal hearing in a case otherwise not removable.  Id. (quotations omitted).

The duty to defend and indemnify are distinct and different contractual obligations.  Star v. U.S., 2017 WL 9751197, *4 (D.N.D. July 19, 2017).  Generally, the duty to indemnify is determined by the result in the underlying action.  Tibert v. Nodak Mut. Ins. Co., 816 N.W.2d 31, 43 (N.D. 2012).  "Often the duty to indemnify cannot be determined until the facts of the underlying litigation have been developed."  Ziegler v. Meadowbrook Ins. Group, Inc., 774 N.W.2d 782, 789 (N.D. 2009) (Kapsner, J. concurring).  "[C]overage issues often cannot be decided until issues of fact in the underlying litigation are fully developed, if not completed."  Id. at 790.  (citing John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 416 (8th Cir. 1991)). A concern in permitting the resolution of the declaratory proceeding of disputed facts material to the underlying action is the burden imposed upon the parties and judicial system.  Acuity v. North Central Video, LLLP, 468 F.Supp.2d 1071, 1074 n.1 (D.N.D. 2006).  "A stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action."  Montrose Chem. Corp. v. Sup. Ct., 861 P.2d 1153, 1162 (Cal. 1993).

The Texas Litigation and this declaratory judgment action are not parallel proceedings; the proceedings in Texas do not involve the same parties, although the issues are similar.  The Texas Litigation is a negligence action, while this proceeding is a declaratory judgment action.  If the state court and federal court proceedings involved the same parties and same issues, this Court would abstain from exercising jurisdiction because the state court proceeding could resolve the

dispute.  Wilton, 515 U.S. at 288.  However, since parallel proceedings do not exist, the Court

must analyze the six *Scottsdale* factors to determine whether to exercise jurisdiction.  Scottsdale,

426 F.3d at 998.

      The facts and legal issues present here are substantially the same as those in the Texas

Litigation.  The disputed facts are Landis's employment status, Doman Farms' legal standing

separate from Nomarco, the extent to which Logistics may be covered under the policy, and

whether Logistics may be contractually bound to share in the liability with one or more of the

underlying defendants.  Both United Financial and the Defendants have agreed these facts and

issues are unsettled here and in the Texas Litigation.

      Here, the first *Scottsdale* factor supports abstention.  If this Court were to clarify and settle

the legal relations at issue, it is possible the state court in Texas would reach a different conclusion.

Therefore, two jurisdictions could reach different conclusions regarding the duties and obligations

of the parties.  Potentially, the second factor would not favor abstention because the declaratory

judgment action would afford relief from the uncertainty, insecurity, and controversy of the

disputed facts and legal issues.  The third *Scottsdale* factor supports abstention.  Presently, there

is a motion for forum *non conveniens* pending and other choice of law issues present.  Due to the

uncertainty of which state's law applies, this Court may have to predict which state's law applies

to the factual and legal issues in the underlying case.  If the Texas Litigation applies a different

standard than what this Court would choose, it could impose a burden upon the parties and the

judicial system.  The fourth *Scottsdale* factor supports abstention because the remaining disputed

issues in this case are factual, rather than contractual; the issue is not whether the type of harm that

occurred is covered, but whether Landis was a Doman employee driving an insured vehicle, who

caused a collision while in the course and scope of his employment.  The underlying court will

decide these factual questions, and its determinations will be binding on the coverage questions at issue in this case.  Tibert, 816 N.W.2d at 43.  The fifth *Scottsdale* factor supports abstention because the facts and issues before this Court are the same facts and issues before the state court in Texas.  This would result in unnecessary entanglement between the two jurisdictions because of the overlapping factual and legal issues present in both cases.  In *Scottsdale*, the Eighth Circuit found no unnecessary entanglement because the court in the declaratory judgment action was being asked to determine whether the type of harm alleged was the type of harm that the applicable policy would cover.  Finally, the sixth *Scottsdale* factor does not support abstention because there is no evidence the parties are engaged in improper procedural fencing.

The North Dakota Supreme Court has declared that the duty to indemnify is determined by the actual result in the underlying action.  The duty will not be determined by what this Court predicts it to be; the overlapping facts and legal issues should be decided by the state court in Texas.  The Court will abstain from exercising its jurisdiction in this dispute and will stay the action in federal court until the proceedings in the Texas Litigation are resolved.

III.     **CONCLUSION**

The Court has carefully reviewed the record and relevant case law.  For the reasons set forth above, the Court **GRANTS** the Defendants' motions in part (Doc. No. 33 and 40), dismisses United Financial's duty to defend claims, and **STAYS** all federal court proceedings in North Dakota until a resolution of the state court proceedings in Texas has occurred.  The pleadings in the Texas Litigation and the Policy at issue establish United Financial's duty to defend the named insureds, which include Nomarco, Inc. and Doman Farms.  The separate duty to indemnify claim will be stayed until the Texas Litigation in state court has been resolved.  The Court will also stay the resolution of issues concerning the recovery of costs and attorney's fees.

**IT IS SO ORDERED**.

Dated this 13th day of May, 2020.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court